IN THE UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BREANNA H. HARRISON and<br>CYNTHIA K. ABNER, Individually and on<br>Behalf of the Estate of MARCUS H.<br>HARRISON<br><br>vs<br><br>DARNAS, INC., DUSNIEL GONZALEZ,<br>GEICO INDEMNITY COMPANY and<br>SARA ACEVEDO, Individually, and<br>TRANSGO CARRIERS, LLC | §§§§§§§§§§§§§§ | CIVIL ACTION NO.: 4:17-CV-00931 |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE ELLISON:

COMES NOW, BREANNA H. HARRISON and CYNTHIA K. ABNER, Individually and on Behalf of the Estate of MARCUS H. HARRISON, an adult now deceased, complaining of DARNAS, INC., DUSNIEL GONZALEZ, GEICO INDEMNITY COMPANY and SARA ACEVEDO, Individually, and TRANSGO CARRIERS, LLC and for cause would respectfully show unto this Honorable Court as follows:

I.

**PARTIES AND SERVICE**

1. Plaintiffs, BREANNA H. HARRISON and CYNTHIA K. ABNER, are individuals residing in the State of Texas.

2. Defendant, DARNAS, INC. (hereinafter "DARNAS") is a Florida Corporation, doing

1

business in the State of Texas. DARNAS, INC. has appeared and answered herein.

3. Defendant, DUSNIEL GONZALEZ, (hereinafter "GONZALEZ") is a resident of The State of Florida. DUSNIEL GONZALEZ, has appeared and answered herein.

4. Defendant, GEICO INDEMNITY COMPANY (hereinafter "GEICO") is a corporation doing business in the State of Texas. GEICO INDEMNITY COMPANY has appeared and answered herein.

5. Defendant, SARA ACEVEDO, (hereinafter "ACEVEDO")is an individual residing in the State of Texas. SARA ACEVEDO has appeared and answered herein.

6. Defendant, TRANSGO CARRIERS, LLC, (hereinafter "TRANSGO") is a Texas corporation doing business in the State of Texas. Transgo Carriers, LLC may be served with process by serving its agent for service, Anna Acevedo-Riggle, 21715 Canyon Peak Lane, Katy, Texas 77450.

## II.

## JURISDICTION AND VENUE

7. Plaintiffs contest this Court's jurisdiction because all parties are not diverse. Plaintiffs and Defendants, Sara Acevedo and Transgo Carriers, LLC are Texas residents. Defendants, Sara Acevedo and Transgo Carriers, LLC are also local Defendants. Under these circumstances removal was improper. This Court lacks subject matter jurisdiction, and this case should be remanded back to state court.

III.

## FACTUAL BACKGROUND

8.     On or about January 27, 2017, near 5:10 a.m., Marcus H. Harrison, was operating his vehicle in a reasonable, safe and prudent manner, traveling southbound on I-45, approximately eleven-miles north of Madisonville, Madison County, Texas.  At the same time, Defendant, GONZALEZ, an employee in the course and scope of his employment for Defendant, DARNAS, lost control of his vehicle and struck the cable barrier fences in the median.  The load of equipment or cargo GONZALEZ was carrying was not properly secured and fell off into the roadway in front Marcus H. Harrison who hit the load, and was killed.  Defendants, SARA ACEVEDO AND TRANSGO CARRIERS, LLC were involved directing the loading and unloading of Gonzales's truck.  The load of equipment or cargo was improperly placed and secured on the truck.

IV.

## GENERAL ALLEGATIONS

9.     The accident, collision, and ultimately the death of Marcus H. Harrison were due to the negligence of Defendant GONZALEZ, an agent, servant, and/or employee of Defendants DARNAS and/or TRANSGO and/or ACEVEDO.  Defendant GONZALEZ, among other things, failed to operate his vehicle in a single lane of traffic, failed to operate the vehicle at a prudent speed, failed to take proper evasive action, failed to adequately and properly maintain the vehicle, failed to turn left to avoid the collision, failed to turn right to avoid the collision, failed to properly and timely, apply the brakes, failed to keep proper lookout and failed to properly secure

3

the load that he was transporting.

10. Defendants DARNAS is vicariously liable for the conduct and negligent acts of their agent, servant or employee, Defendant GONZALEZ.

11. On information and belief, Defendants, SARA ACEVEDO and/or TRANSGO failed to properly secure, inspect or place the load on the trailer being hauled by Defendant, GONZALEZ.  Defendants, SARA ACEVEDO and/or TRANSGO improperly and negligently directed the equipment and/or cargo to be placed on Gonzalez's truck, which was unsecured. Further, Defendants, ACEVEDO and TRANSGO had a duty to hire a competent driver and truck that were able to safely haul the load, that were able to properly secure the load, and capable of safely transporting the equipment at issue.  Defendants, ACEVEDO and TRANSGO breached these duties, which proximately caused the incident and death of Marcus Harrison.

V.

**PLEADING FOR UNINSURED/UNDERINSURED MOTORISTS COVERAGE**

12. Further, at the time of the incident, Decedent Marcus H. Harrison had purchased a policy of insurance to provide coverage for, among other things, liability for bodily injuries and property damage protection against uninsured/underinsured motorists. Defendant GEICO, by and through its agent and/or representative, issued Policy No. 4254414743, providing said coverage. Suit on this policy, against Defendant GEICO seeks benefits pursuant to and under the uninsured/underinsured portion of Decedent' Harrison's policy with said Defendant, for which Decedent Harrison paid valuable consideration.

13. At the time this accident occurred, said policy of insurance and contract was in full force and effect with premiums currently paid thereon. Plaintiffs would show that they are entitled to receive the Uninsured/Underinsured policy limits as a result of their deceased father's tragic death.

14. Said injuries and damages to Decedent Marcus Harrison were proximately caused by the carelessness and negligence of Defendant GONZALEZ an uninsured and/or underinsured motorist as that term is understood under existing case law. Plaintiffs HARRISON and ABNER would further show that they are in compliance with the terms and conditions precedent of said policy of insurance, or in the alternative, that he/she is in substantial compliance with the terms and conditions precedent of said policy of insurance.

## VI.

## NEGLIGENCE

## (GONZALEZ)

15. Plaintiffs would show that Defendant, GONZALEZ failed to use ordinary care, by various acts and omissions while operating the vehicle. These acts or omissions, including but not limited to the ones listed below, were singularly or in combination, the proximate cause of the occurrence in question. The negligence of Defendant, GONZALEZ, was a proximate cause of Plaintiff's injuries and damages. Defendant, GONZALEZ, was negligent in the following manner:

    a. In failing to keep a proper lookout;

    b. In failing to obey traffic laws set out by the State of Texas by failing to maintain an adequately safe speed at the time of the incident in question;

  c. In failing to control his vehicle;

  d. In failing to control the speed of his vehicle;

  e. In failing to properly and timely apply his brakes;

  f. In failing to take evasive actions to avoid the incident in question;

  g. Other acts of negligence.

## VII.

## NEGLIGENCE

## (DARNAS)

16. Defendants, DARNAS, ACEVEDO, and TRANSGO were negligent in the following manner:

  a. In employing an unqualified, incompetent and reckless driver;

  b. In entrusting their vehicle to an unqualified, incompetent and reckless driver;

  c. In failing to properly train their employee;

  d. In failing to select a competent driver and truck that were capable of properly securing the cargo and safely transporting the equipment at issue; and

  e. Other acts of negligence.

## VIII.

## PLAINTIFFS INJURIES AND DAMAGES

17. This action is brought pursuant to § 71.001-71.011 of the Texas Civil Practice and Remedies Code. Plaintiffs, HARRISON and ABNER, as the surviving natural born children of Marcus Harrison are statutory beneficiaries who may bring action for the wrongful death of Marcus

Harrison, decedent.  HARRISON and ABNER are entitled to recover damages for:

    a. Loss of companionship and society and the loss of benefits flowing from the love, comport, companionship, support, and society that as surviving children would, in reasonable probability, have received from Marcus Harrison, had he lived.

    b. Mental anguish suffered by HARRISON and ABNER, including but not limited to emotional, pain, torment and suffering experienced from the death of Marcus Harrison

    c. Loss of inheritance.  The loss of the present value of assets that Marcus Harrison, in all reasonable probability would have added to his estate and left at his natural death to HARRISON and ABNER.

    d. Plaintiffs will additionally show that they are entitled to the recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of their damages herein.

### IX.

### **PRAYER**

WHEREFORE, Plaintiffs, HARRISON and ABNER pray that Defendants, DARNAS, INC., DUSNIEL GONZALEZ, GEICO INDEMNITY COMPANY, SARA ACEVEDO AND TRANSGO CARRIERS, LLC be cited to appear and answer herein, that judgment be entered against Defendants, that Plaintiffs recover their damages in accordance with the evidence, that Plaintiffs recover their costs of court, that Plaintiffs recover interest to which they are entitled under law, and for all other just and equitable relief.

Respectfully Submitted,

**STEVENSON & MURRAY**

By: */s/ William Robert Hand*

JOHN W. STEVENSON, JR.
Federal I.D.  3992
State Bar No. 19196050
Jstevenson@stevensonmurray.com
WILLIAM ROBERT HAND
Federal I.D. 1786161
State Bar No. 24078622
Rhand@stevensonmurray.com
24 Greenway Plaza, Suite 750
Houston, Texas 77046
(713) 622-3223 - Telephone
(713) 622-3224  - Facsimile


**DAVID HAMMIT, LLC**

David Hammit
State Bar No. 08857660
109 south Madison Street
Madisonville, Texas 77864
(936) 349-1600 - Telephone
(936) 349-0505 - Facsimile
David@hammitlaw.com


***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

The undersigned authority hereby certifies that a true and correct copy of the foregoing instrument has been served upon counsel of record on the 24th day of April, 2017.

Mark Lapidus
Megan Knudsen
3518 Travis, Suite 100
Houston, Texas 77002                                                                                  *E-File*
*Attorneys for Darnas, Inc.*

David Merkley
Marcus Waters
Germer
2929 Allen Parkway, suite 2900
Houston, Texas 77019                                                                                  *E-File*
*Attorneys for Dusniel Gonzalez*

John O'Herren
Cynthia Culp
Sheehy, Lovelace & Mayfield, PC
510 North Valley Mills Drive, Suite 500
Waco, Texas 78701
*Attorney for Geico*                                                                                        *E-File*

William Moye
Andrew McCluggage
Thompson, Code, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
*Counsel for Sara Acevedo*                                                                        *E-File*

/s/ *William Robert Hand*
_____
WILLIAM ROBERT HAND