**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BREANNA H HARRISON**, *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| VS. | § | **CIVIL ACTION NO. 4:17-CV-00931** |
| | § | |
| **DARNAS, INC.**, *et al*, | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM & ORDER ON
MOTION TO REMAND AND MOTION TO DISMISS**</u>

Pending before the Court are Plaintiffs' Motion to Remand (Doc. No. 13) and Defendant Sarah Acevedo's Motion to Dismiss (Doc. No. 10) and Motion for Leave to File Amended Motion to Dismiss (Doc. No 20). After considering the motions, responses and replies thereto, oral arguments, and the applicable law, the Court finds that it has subject matter jurisdiction over this case and Ms. Acevedo should be dismissed as a defendant.

## I.    BACKGROUND

This is a wrongful death action. Plaintiffs Breanna Harrison and Cynthia Abner brought this suit in state court on behalf of the estate of Marcus Harrison. Marcus Harrison suffered fatal injuries after cargo fell from a tractor-trailer and collided with his truck.

In their original petition, Plaintiffs named as defendants: Dusniel Gonzalez, the driver and operator of the tractor-trailer; Darnas, Inc., the owner of the tractor-trailer; and GEICO Indemnity Company, the issuer of Mr. Harrison's insurance policy. (Doc. No. 1-A.) In their first amended original petition (FAOP), Plaintiffs also named as a defendant Sarah Acevedo, who was involved in coordinating transportation of the load on the tractor-trailer that Mr. Gonzalez was driving. (Doc. No. 1-B.)

Defendants filed a notice to remove this action on the basis of diversity jurisdiction. Mr. Gonzalez and Darnas are both domiciled in Florida; GEICO is domiciled in Maryland. Although Ms. Acevedo is a citizen of Texas (as are Plaintiffs), Defendants argue that Ms. Acevedo was added as a defendant for the sole purpose of defeating diversity jurisdiction. (Doc. No. 1 ¶ 7.)

Ms. Acevedo has filed two partial motions to dismiss. First, she sought to dismiss the allegations against her in the FAOP. (Doc. No. 10.) After the action was removed to federal court, Plaintiffs filed an amended complaint. (Doc. No. 12.) Ms. Acevedo requested leave to dismiss that complaint as well, as it pertains to her. (Doc. No. 20.) Plaintiffs have also filed an additional third amended complaint. (Doc. No. 34.) Plaintiffs have not requested leave to file either of these amended complaints.

## II.    LEGAL STANDARDS

### A.  Motion for Remand

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.,* 288 F.3d 208, 211 (5th Cir.2002). However, "[u]nder the fraudulent joinder doctrine, 'federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant.'" *Cano v. Scottsdale Ins. Co.*, No. CIV.A. H-10-3530, 2011 WL 5416320, at *2 (S.D. Tex. Nov. 7, 2011) (quoting *Salazar v. Allsate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir.2006)).

**B. Motion to Dismiss**

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (quoting *Twombly*, 550 U.S. at 570). The court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.    ANALYSIS**

**A. Motion to Remand**

Plaintiffs seek to remand this action to state court because the parties are not completely diverse, as Plaintiffs and Ms. Acevedo are Texas citizens. Defendants counter that Ms. Acevedo was joined fraudulently to avoid federal jurisdiction.

"To establish fraudulent joinder, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant, that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant." *Cano*, 2011 WL 5416320, at *2 (citing *Salazar*, 455 F.3d at 574; *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568,

573 (5th Cir.2004) (en banc)). The burden rests on the Defendants to demonstrate that there is no

possibility of recovery against the non-diverse defendant. *See Salazar, Inc.*, 455 F.3d at 574.

"[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under

Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent

joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against

that party ultimately is dismissed for failure to state a claim upon which relief may be granted."

*Agyei v. Endurance Power Prod., Inc.*, 198 F. Supp. 3d 764, 772 (S.D. Tex. 2016) (quoting

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)).

Defendants have met their high burden to show fraudulent joinder. The Court looks to the

FAOP, the state court complaint on file at the time of removal. *See Cavallini v. State Farm Mut.*

*Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995). The FAOP's entire discussion of Ms. Acevedo is

contained in the following two paragraphs:

> Plaintiffs HARRISON and ABNER, would show that Defendant
> ACEVEDO is an agent and/or representative and/or employee of TransGo
> Carriers, LLC and provides logistical support relating to drivers and trucking
> companies that transport heavy equipment and other commodities.
> Plaintiffs would show that Defendant ACEVEDO knew or should have
> known that Defendant GONZALEZ was a dangerous, unsafe, inexperienced
> driver and that Defendant ACEVEDO's failure to employ a safe, experienced
> driver was the proximate cause of the motor vehicle accident made subject this
> cause of action.

(Complaint, Doc. No. 1-B at 5.) The complaint excludes Ms. Acevedo from the prayer for relief.

This scant language does not state a claim against Ms. Acevedo. The Court applies the

Texas state court "fair notice" pleading standard. "Texas is a notice pleading jurisdiction, and a

petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases

his claim." *In re Butt*, 495 S.W.3d 455, 461–62 (Tex. App.—Corpus Christi-Edinburg, 2016)

(internal citation and quotation marks omitted). The Court shall "construe the pleadings liberally

in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Id.* at 462. Even with this lenient standard, Plaintiffs have failed to give "a statement in plain and concise language of the plaintiff's cause of action," against Ms. Acevedo. Tex. R. Civ. P. 45.

Defendants have shown that there is no possibility of recovery against Ms. Acevedo, based upon the facts alleged in the FAOP. Because the Court finds that Ms. Acevedo was fraudulently joined, remand is inappropriate.

### B. Motion to Dismiss

After the case was removed to federal court, Plaintiffs filed two amended complaints. Both amended complaints name Ms. Acevedo as a defendant, and provide further information about her role in the incident. The Court anticipates that, after its ruling on remand based on the FAOP, Plaintiffs will want the Court to view either the second or third amended complaint as the live pleading. Ms. Acevedo has sought to leave to file a motion to dismiss the second amended complaint (Doc. No. 20), and noted that Plaintiffs did not similarly seek leave to amend their complaints.

Although Plaintiffs did not request leave, the Court assesses whether they should be allowed to amend their complaint. Rule 15 of the Federal Rules of Civil Procedure states that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny such leave, however, upon a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (internal quotation marks omitted). The Court

finds that providing further detail about Ms. Acevedo, as Plaintiffs have done in their post-removal amended complaints, is futile.

In their third amended complaint (Doc. No. 34), Plaintiffs allege that Ms. Acevedo and other defendants acted negligently in: employment, entrustment, and election of the driver of the tractor-trailer, and the loading of cargo onto the trailer. (Doc. No. 34 ¶ 18.) As Ms. Acevedo was not present while the trailer was loaded, her only potential negligent conduct would be improperly directing the loading of equipment or failing to hire/broker a competent driver.

Plaintiffs argue that Ms. Acevedo can be held individually liable because she was directly involved in selecting the carrier and driver of the load, and coordinating delivery of that load. (Doc. No. 39.) But her direct actions are insufficient to create personal liability. The allegations against Ms. Acevedo are the same as those against her employer, Somerset. (Doc. No. 34 ¶ 10, 13.) "[L]iability cannot be imposed on employees where the employer and the employees committed the identical negligent acts or omissions." *In re Butt*, 495 S.W.3d at 467 (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005); *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). Ms. Acevedo's direct conduct related to the incident occurred on behalf of her employer, and she had no duty of care independent of her duty as a Somerset employee. *See In re Butt*, 495 S.W.3d at 466–67 (dismissing allegations against individual employees when there was no "independent duty of care either by virtue of their positions as apex corporate officials or as a result of their own actions").

This case is distinguishable from those cited by Plaintiffs. In *Buchert v. Home Depot U.S.A., Inc.*, the court held a forklift operator personally liable because he "owed an independent duty to the general public in operating the forklift." No. 6:16-CV-502-RWS-JDL, 2016 WL 6601664, at *3 (E.D. Tex. Sept. 23, 2016), *report and recommendation adopted,* No. 6:16-CV-

502-RWS-JDL, 2016 WL 6582010 (E.D. Tex. Nov. 7, 2016). In *Betancourt v. Electrolux Home Care Prod., Inc.*, the plaintiff alleged that a supervisor required the plaintiff to load a trailer at an excessive pace that caused him to suffer a heart attack. No. EP-10-CV-320-PRM, 2011 WL 3678649, at *1 (W.D. Tex. Jan. 13, 2011). That court contemplated that a duty might apply to a *supervisor* who was directly engaged in the activity which caused harm to the plaintiff. In both cases, plaintiffs were able to show a personal duty (or possibility of one) beyond the employer's duties.

The Court does not find that Ms. Acevedo had any duties to the public independent of her role as an agent of Somerset. *See Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005) ("The existence of a legal duty is a question of law for the court to decide."). Because Ms. Acevedo did not owe an independent duty and all allegations against her are identical to those of her employer, she cannot be held individually liable. The Court dismisses the allegations against Ms. Acevedo.

## IV. CONCLUSION

As Ms. Acevedo is no longer a defendant in this case, the Court retains jurisdiction over the matter. The Court hereby **DENIES** Plaintiffs' motion for remand (Doc. No. 13) and **GRANTS** Defendant Acevedo's motion for leave to file an amended motion to dismiss (Doc. No. 20) and **GRANTS** said motion to dismiss. In light of Plaintiffs' post-removal complaints, the Court **DENIES AS MOOT** Defendants' first motion to dismiss (Doc. No. 10). Plaintiffs may amend the complaint within ten (10) days to reflect the dismissal of allegations against Ms. Acevedo.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 14th of August, 2017.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE